UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MATERIAL WITNESSES RENAN RANA, JED REBALLOS, JAY GEROY, DOMER BELTRAN AND CHRISTOPHER REYES | Case No.:  22-mc-1690-DDL<br>Related Cases:<br>22-MJ-4199-DDL<br>22-CR-2762-TWR-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE EMERGENCY EX PARTE PETITION FOR RULE 15 DEPOSITIONS OF FOREIGN WITNESSES DETAINED IN THE UNITED STATES AND SUBSEQUENT RELEASE**<br><br>**[Dkt. No. 1]** |

## I.

## INTRODUCTION

Federal Rule of Criminal Procedure 15(a) authorizes depositions either "because of exceptional circumstances and in the interest of justice" or upon request by "[a] witness who is detained" under 18 U.S.C. § 3144.  Petitioners Renan Rana, Jed Reballos, Jay Geroy, Domer Beltran and Christopher Reyes are citizens of the Philippines who apply for an order compelling the United States to take their depositions under Rule 15 and ordering

their subsequent release.[1]  The Court concludes that Petitioners – none of whom are in custody – are not "detained" within the meaning of, and thus may not compel their depositions under, Rule 15(a)(2).  Further, the present record does not support a finding that exceptional circumstances warrant the depositions under Rule 15(a)(1) at this time.

## II.

## BACKGROUND

On May 31, 2022, Coast Guard inspectors boarded the MV Donald, a cargo ship, following its arrival at the Port of San Diego to investigate a report that the MV Donald's Chief Engineer, Denys Korotkiy, had ordered the crew to discharge oily bilge water directly into the ocean and thereby bypass pollution prevention equipment.  *See* Case No. 22-mj-4199-DDL, Dkt. No. 1 at 7.  Thereafter, Coast Guard investigators interviewed Petitioners and reviewed the MV Donald's oil record book.  *Id.* at 7-8.

On June 3, 2022, the Coast Guard entered into a Security Agreement with the MV Donald's owner and operator.  Dkt. No. 1-4.  The owner and operator agreed to post a $1 million surety bond prior to the MV Donald's departure from San Diego.  *Id.* at 15.  Further, the owner and operator agreed that Petitioners, all of whom are MV Donald crewmembers, would "remain within the jurisdiction of the U.S. District Court – Southern District of California."  *Id.* at 18.  To effectuate this agreement, the owner and operator agreed to provide Petitioners with their wages, lodging, a per diem and health care "until the United States, through its attorney responsible for the pending criminal investigation, advises that their presence is no longer necessary."  *Id.* at 18-19.  Further, in the event any Petitioner requested the return of his passport (presumably to return to the Philippines), the owner and operator agreed to provide the Coast Guard with 72 hours' notice prior to returning the passport.  *Id.* at 22.  Petitioners were not parties to the agreement.  They have been represented by counsel since at least July 20, 2022.  Dkt. No. 1 at 8.

---

[1] A sixth individual, Pavlo Raskatov, is similarly situated but is not a named Petitioner.

On November 15, 2022, Petitioners filed the instant application seeking to compel the United States to take their depositions so they may return to the Philippines. Two days later, the United States filed a criminal Complaint (Case No. 22-mj-4198-DDL) charging Korotkiy with failure to maintain an accurate oil record book and aiding and abetting, in violation of 33 U.S.C. § l908(a) and 18 U.S.C. § 2. The United States simultaneously filed a material witness complaint (Case No. 22-mj-4199-DDL) alleging that Petitioners and Raskatov are material witnesses in the criminal case.

The United States served Petitioners with Notices to Appear, and Petitioners appeared with their counsel on November 18, 2022. The Court set identical conditions of pretrial release for each Petitioner under 18 U.S.C. § 3142, including prohibiting Petitioners from traveling outside the State of California and requiring a personal appearance bond in the amount of $5,000 with no cash deposit.

Petitioners remain out of custody in the Southern District of California. At the December 6, 2022 hearing on this application, Petitioners' counsel represented that the MV Donald's owner and operator continues to pay Petitioners' wages and provide them with lodging and a per diem for food. Each Petitioner has submitted a declaration stating that he wishes to return home to the Philippines as soon as possible and describing personal circumstances showing why his continued presence in the United States is difficult for him and his family members in the Philippines. Dkt. Nos. 1-5, 1-6, 1-7, 1-8 and 1-9.

On December 6, 2022, Korotkiy was arraigned on a four-count indictment charging him with offenses arising from the alleged discharge of oily bilge water from the MV Donald. *See* Case No. 22-cr-2762-TWR (Dkt. No. 18). The parties will appear before the District Court on January 13, 2023 for a motion hearing and trial setting.

///
///
///
///
///

# III.

# DISCUSSION

Petitioners argue that the Court should compel their depositions under Rule 15 and order their "release" to the Philippines thereafter. The United States opposes the application. Dkt. No. 8. Korotkiy does not oppose taking Petitioners' depositions, but his counsel would not be able to depose Petitioners until January 2023 at the earliest. Dkt. No. 9 at 4.

## A. Petitioners Are Not Detained Under Rule 15(a)(2)

This case involves the interplay between 18 U.S.C. § 3144 and Rule 15. Under § 3144, "[n]o material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." Rule 15(a)(2) provides, in relevant part, that "[a] witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties." "Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release." *Torres-Ruiz v. U.S. Dist. Ct.*, 120 F.3d 933, 935 (9th Cir. 1997) (internal quotation omitted).

The issue presented by the Petition is whether Petitioners are "detained" and may secure their release by requesting to be deposed under Rule 15(a)(2). This is significant because a detained material witness proceeding under Rule 15(a)(2) need not establish the "exceptional circumstances" required for a deposition under Rule 15(a)(1). Petitioners assert they are functionally detained in the United States because they are not free to leave the country and thus may seek to compel their depositions under Rule 15(a)(2). But this argument cannot be squared with the fact that the Court set conditions of release for each Petitioner and that none of them is in custody. *See* Case No. 22-mj-4199 (Dkt. Nos. 26-31 and 33-38). It is true that the conditions of release contain certain restrictions, such as limiting each Petitioner's travel to within the State of California. But these conditions of release are not tantamount to detention. Indeed, given that identical travel restrictions are

routinely included in pretrial release orders for material witnesses and criminal defendants, to adopt Petitioners' "functional detention" argument would mean that virtually every material witness and criminal defendant released on bond remains "in custody." The Court concludes that Petitioners are not detained and may not compel their depositions under § 3144 and Rule 15(a)(2).

Petitioners cite *In re Material Witness Summons in re Motor Tanker Zao Galaxy*, No. 19-XR-90626-KAW-1, 2019 WL 4221727 (N.D. Cal. Sept. 5, 2019) ("*Zao Galaxy*"), in support of their argument that they are "functionally detained." In *Zao Galaxy*, the petitioner was a citizen of the Philippines and the Chief Engineer of an oceangoing motor tanker that was under investigation for potential criminal violations arising from the alleged discharge of oily waste into the ocean and maintaining an inaccurate oil record book. *Id.* at *1. During the ongoing investigation, the Coast Guard and the ship owner entered into a "Security Agreement" that required ten crew members, including the petitioner, who allegedly witnessed the criminal activity, "to surrender their passports and remain in the Northern District of California." *Id.* The ship owner was obligated to pay the petitioner's salary and provide him with food, lodging and healthcare. *Id.* Thereafter, the United States allowed five of the ten crew members to return to their countries of origin, but petitioner remained at a hotel in the Northern District of California while the United States' criminal investigation continued. *Id.* at *2.

On these facts, the District Court concluded that the petitioner was "functionally detained" because he "has had his passport taken from him and been compelled to remain in the Northern District of California" for over 6 months. *Id.* at *3. The District Court ordered the United States to depose the petitioner and then release him after he signed the deposition transcript. *Id.* at *5.

The Security Agreement in this case and the agreement in *Zao Galaxy* are similar in that both require the employer to pay the witnesses' wages, lodging, per diem and health care. And both cases raise similar concerns regarding foreign national witnesses who are required to spend an extended period of time in the United States apart from family

members. But the critical distinction between this case and *Zao Galaxy* is the Order and Conditions of Material Witness Pretrial Release issued in this case for each Petitioner. The *Zao Galaxy* petitioner was in the Northern District of California solely based on a Security Agreement between his employer and the United States with no criminal prosecution pending. Here, in contrast, Petitioners are not in the United States solely based on an agreement entered into by the Executive Branch. Rather, each Petitioner is subject to a pretrial release order issued by the Court pursuant to 18 U.S.C. §§ 3142 and 3144.

The operative pretrial release orders – which were entered subsequent to the filing Petitioners' application – distinguish this case from *Zao Galaxy* and support a finding that Petitioners are not detained.[2] Because Petitioners are not detained, the Court concludes they may not seek to compel their depositions under Rule 15(a)(2).

**B.     "Exceptional Circumstances" Under Rule 15(a)(1)**

The unavailability of depositions under Rule 15(a)(2) does not end the analysis. Rule 15(a)(1) authorizes the Court to grant a motion to depose a prospective witness "because of exceptional circumstances and in the interest of justice." "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (citation omitted).

Petitioners submit evidence that their absence from their homes in the Philippines since early 2022 has resulted in hardship to their respective families. Dkt. Nos. 1-5, 1-6,

---

[2]     Petitioners also cite *United States v. Maniatis*, No. 07-CR-0024-DLJ (E.D. Cal. June 21, 2007), where the District Court ordered the United States to depose a foreign national witness who had been "functionally detained" in the United States for over seven months and had testified at a prior trial of two co-defendants. Additionally, the witness was no longer being paid and was "unable to send money home to his family in the Philippines." *Id.* at 2. It is unclear from the District Court's order whether the witness was subject to a pretrial release order similar to the order issued in this case.

1-7, 1-8 and 1-9. In particular, Petitioner Rana describes how his young son has been having health problems. Dkt. No. 1-5. Petitioners' counsel stated at the December 6 hearing that Petitioner Rana's son was hospitalized and has since been discharged, but the cause of the illness remains unknown as does whether the illness might reoccur.

The "exceptional circumstances" analysis is a fact-specific determination. The Court's research revealed a single, unpublished case in which a material witness who was not in custody was allowed to give a deposition under Rule 15 and then return to her home country. *See United States v. Ruiz*, 105 F. App'x 254, 255–56 (10th Cir. 2004) (finding no plain error affecting substantial rights where Magistrate Judge granted motion of material witness on pretrial release to take her deposition where witness "wished to return to Mexico because her mother had suffered a heart attack and was ill").

The Court concludes that the present record does not demonstrate exceptional circumstances justifying depositions under Rule 15(a)(1). Although Petitioners have been in the Southern District of California since May 31, 2022, they have been represented by counsel since approximately July 20, 2022, prior to filing the instant application on November 15, 2022. The Court does not doubt the sincerity of Petitioners' respective desires to reunite with their families or the hardship attendant to lengthy separation from family members. But on the current record and given the uncertainty when the criminal case will proceed to trial, the Court concludes that exceptional circumstances do not exist to order depositions under Rule 15(a)(1).

The Court's finding that exceptional circumstances do not currently exist does not preclude any Petitioner from renewing his motion under Rule 15(a)(1) with additional facts supporting such a finding. For example, it is unknown at this point when the trial will be set and what circumstances particular to an individual Petitioner may arise in the interim that might support a finding of exceptional circumstances. As such, the Court denies the application without prejudice.

///

///

## IV.

## CONCLUSION

For the foregoing reasons, the Emergency Ex Parte Petition for Rule 15 Depositions of Foreign Witnesses [Dkt. No. 1] is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated:  December 16, 2022

                                                                   _David Leshner_
                                                                   Honorable David D. Leshner
                                                                   United States Magistrate Judge